```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

TRAVIS GABRIEL HISEL,            )
                                 )
     Plaintiff,                  )
                                 )
v.                               )     NO. 3:04-0924
                                 )     JUDGE ECHOLS
CITY OF CLARKSVILLE,             )
                                 )
     Defendant.                  )

## MEMORANDUM

Pending before the Court is Plaintiff Travis Gabriel Hisel's Motion for Attorney Fees and Costs (Docket Entry No. 162), to which Defendant City of Clarksville has responded in opposition and Hisel has replied.

Plaintiff seeks compensation for 770.9 hours of attorney time at the rate of $350.00 per hour, and 94.6 hours of paralegal time at the rate of $95.00 per hour, for a total of $278,802.00. In addition, Plaintiff seeks $5,501.05 for costs and expenses incurred in litigating this action. Thus, Plaintiff seeks a grand total of $284,303.05 in attorney fees and costs.

Defendant challenges the attorney fee request on several grounds and asserts the fees should be significantly reduced. The Court will address separately each defense objection.

### I. STANDARD OF REVIEW

Title VII of the Civil Rights Act of 1964 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]" 42 U.S.C.

§ 2000e-5(k). Similarly, 42 U.S.C. § 1988 provides that in an action to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

To determine the reasonable amount of attorney's fees to be awarded, the Court must first determine the "lodestar," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-416.

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). "Where a plaintiff has obtained excellent results, h[er] attorney should recover a fully compensatory fee; if a plaintiff obtains 'limited success, the district court should award only that amount of fees that is

2

reasonable in relation to the success obtained.'" Id. A reduction in attorney's fees should be "applied only in rare and exceptional cases where specific evidence in the record requires it." Id.

## II. ANALYSIS

### A. ATTORNEY FEES

#### 1. Reasonable hourly rate

Plaintiff seeks $350.00 per hour in fees for the work performed by his counsel, Robert J. Martin ("Mr. Martin"). In support of that hourly rate, Mr. Martin has submitted an affidavit in which he states that he graduated law school in 1990 and passed the bar in February 1991. Since opening his own law practice in 1993 Mr. Martin has focused on representing employees in race, age, handicap and gender discrimination actions. He has been counsel in several cases which have gone to trial.

Defendant objects to the $350.00 rate claiming that $175.00 per hour is more appropriate. Defendant reaches this conclusion by pointing out that only two of Plaintiff's multiple theories of recovery survived Defendant's Motion for Summary Judgment and of those two theories Plaintiff prevailed on only one at trial. Defendant also notes that Plaintiff took this case on a contingent fee basis and since the jury returned a $50,000.00 award, Plaintiff's counsel would only be entitled to $16,666.66 in fees were it not for the fee provisions of Title VII.

Having carefully reviewed the matter, after considering Mr. Martin's experience, and based upon the Court's own knowledge
3

of the hourly rates charged for legal services in the Nashville community, the Court finds that $225.00 per hour is a reasonable hourly rate for the attorney work performed in this case. That rate is within the range of recent previous awards in similar civil rights suits against the City of Clarksville Police Department.

For example, Judge Haynes awarded Mr. Martin fees at the rate of $250.00 per hour for the work he performed in <u>Blakely v. Clarksville Police Department</u>, 3:01-01186. Significantly, in <u>Blakely</u>, Martin sought $250.00 per hour in fees, not the $350.00 in fees he is seeking here. Moreover, in <u>Blakely</u>, the jury returned a $350,000.00 award as opposed to the award here. This is important since the Plaintiff in <u>Blakely</u> can be said to have been much more successful than the Plaintiff here. In <u>Austion v. City of Clarksville</u>, 3:03-0854, the undersigned awarded attorney fees at the rate of $200.00 per hour in another civil rights case against the Clarksville Police Department.

In deciding upon the $225.00 rate, the Court has considered the required factors, including the novelty and difficulty of the questions presented in the case, the skill needed to perform the legal service properly, the preclusion of employment by Mr. Martin due to his acceptance of this case, the customary fees ordinarily charged for such legal representation, the fact that the fee was contingent, the degree of success, Mr. Martin's experience, reputation and ability, and the "undesireability" of accepting a discrimination case brought against a city government entity,

4

particularly when Plaintiff is still employed by that entity. The Court finds that $225.00 per hour will adequately compensate Mr. Martin for the services he provided to the Plaintiff.

The Court will also award $75.00 per hour for the work performed by Mr. Martin's paralegal in this case. The $75.00 per hour amount is in keeping with recent awards by this Court in similar cases. See, Id.; Hall v. City of Clarksville, 3:03-1229 (both awarding $75.00 per hour for paralegal work in Title VII cases against City of Clarksville). Plaintiff has offered nothing which would suggest that the skill, background or experience of the paralegal who worked on this case was exceptional such as to warrant an award of $95.00 per hour.

2. **Hours billed**

Defendant raises two main objections to the number of hours billed by Mr. Martin. Specifically, Defendant asserts that many hours were expended on disputes relating to discovery and filings relating to the sufficiency of Plaintiff's pleadings. Additionally, Defendant objects to an award of fees which encompasses work performed by Mr. Martin in relation to administrative proceedings.

This Court agrees with Defendants that not all of the work performed by counsel should be compensated in this case. Many hours were spent in pre-trial skirmishes, some of which were unnecessary for the proper advancement of this case. A flavor of some of the problems presented by Plaintiff's litigation tactics

5

can be seen in one of the Orders entered by Magistrate Judge Griffin in this case:

> This case has had a tortured history and the Court is not unsympathetic to the defendant's plight as outlined in its motion. The defendant has struggled to elicit satisfactory responses to the written discovery served on May 15, 2006. The plaintiff did not respond timely and did not respond after seeking an extension of time from the defendant. Therefore, the defendant filed its first motion to compel on July 14, 2006 (Docket Entry No. 37).
> By order entered August 11, 2006 (Docket Entry No. 39), the Court granted the plaintiff's motion for an extension of time to respond to the motion to compel until August 16, 2006. When the defendant did not receive responses from the plaintiff by August 16, 2006, the defendant filed its first alternative motion to dismiss or compel and extend (Docket Entry No. 40).
> The plaintiff did not respond to the first motion to compel, and, by order entered August 21, 2006 (Docket Entry No. 41), the Court granted the motion, ordered the plaintiff to serve responses by August 28, 2006, and extended the September 1, 2006, deadline for filing dispositive motions to October 12, 2006. As a result, defendant's motion filed on August 16, 2006, was also granted to the extent that the plaintiff was compelled to respond to the written discovery by a date certain and to the extent that the dispositive motion deadline was extended, and the portion of the motion seeking to dismiss the plaintiff's claims was denied as moot, with leave to the defendant to refile if the plaintiff had not served responses to the discovery by August 28, 2006.
> On September 1, 2006, the defendant filed the instant motion. In the motion, the defendant acknowledged that the plaintiff had served responses to the interrogatories by August 28, 2006, but had not served responses to the request for production of documents. Further, the defendant contended that the responses to the interrogatories were incomplete.
> The plaintiff again filed a motion for an extension of time to respond to the defendant's motion, which was granted in part by order entered September 21, 2006 (Docket Entry No. 45), and the plaintiff was given until October 6, 2006, to file a response. The Court also scheduled a hearing on November 8, 2006, directing that counsel and the plaintiff attend and be prepared to stay all day so that all discovery issues could be addressed.

> The portion of the instant motion seeking to extend
> deadlines was granted, the trial was rescheduled to
> August 28, 2007, and the deadline for filing dispositive
> motions was extended from October 12, 2006, to March 5,
> 2007.

(Docket Entry No. 56 at 2-4, footnotes omitted). The foregoing represents just some of the problems in getting this case ready for trial which may squarely be blamed on Plaintiff. Quite obviously, it would not be proper to make the Defendant pay for problems which were the fault of Plaintiff.

Defendant specifically identifies 38.3 hours which it claims were attributed to Plaintiff's failure to provide timely discovery responses and/or Plaintiff's efforts to seek additional time to meet deadlines. (Docket Entry No. 167 at 2-5). This Court has reviewed each of these entries and finds that the following 10.5 hours should be deducted from Plaintiff's claimed hours[1]:

- Nov-09-04 Preparation and filing of Motion to Continue: 1.5 hours.
- Dec-15-04 Correspondence to Clerk with Order Rescheduling Case Management Conference: .5 hours.

---

[1] The Court notes that some of the specific entries challenged by Defendant appear to claim excessive hours and/or appear to be duplicative or cumulative with other entries. The Court will later make an overall reduction in the claimed hours to account for such excessiveness and duplication.

Additionally, Defendant identifies some hours which do not appear to be wholly devoted to what Defendant deems to be "unnecessary tasks," such as Plaintiff's March 14, 2007 entry indicating Plaintiff reviewed Defendant's responses to assorted Motions in Limine and prepared a motion for extension of time to file a response. To the extent excessive time is spent on what Defendant characterizes as an "unnecessary task," it will be accounted for in this Court's percentage reduction of Plaintiff's claimed overall hours.

7

- Dec-17-04 Preparing of Order Rescheduling Case Management Conference: .6 hours.
- Dec-22-04 Review of Order continuing Case Management Conference: .40 hours.
- Nov-17-05 Preparation of Motion for Extension to Supplement Discovery: .8 hours.
- Mar-03-06 Preparation and filing Motion for Extension to Amend Complaint: .5 hours.
- Apr-06-06 Preparation and filing of Motion to Extend Discovery Deadlines: 1.1 hours.
- Apr-24-06 Receipt and review of Defendant's Response to Extend Discovery Deadlines: .5 hours.
- Apr-24-06 Receipt and review of Order regarding Motion to Extend Deadlines: .5 hours.
- Jul-31-06 Preparation of Motion for Extension: .5 hours.
- Aug-11-06 Receipt and review of Order on Motion: .4 hours.
- Sep-19-06 Preparation of Motion for Extension to Respond to Second Motion to Dismiss: .8 hours.
- Sep-21-06 Receipt and review of Order regarding extension of time and notify client: 1.2 hours.
- Feb-21-07 Preparation and filing of Motion for Extension in which to file Jury Instructions and Verdict Form: 1.2 hours.

Apart from the specific reductions made to take into account Plaintiff's delaying tactics, further reductions are appropriate.

The law is clear that when reviewing a fee application, the court should exclude excessive, redundant or otherwise unnecessary hours. See, Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Sixth Circuit has recognized the propriety of across-the-board reductions based upon excessive or unnecessary hours. Auto Alliance Intern., Inc. v. United States Customs Service, 155 Fed. Appx. 226, 228 (6th Cir. 2005) citing, Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986). Likewise, a percentage reduction is appropriate where the record suggests that counsel did not write off time that

8

was excessive or unproductive. <u>Saizan v. Delta Concrete Products Co., Inc.</u>, 448 F.3d 795, 800 (5th Cir. 2006).

In this case, an across-the-board reduction is appropriate. This Court's review of Plaintiff's time sheets indicate that counsel spent time inefficiently or appears to have spent more time than necessary for the listed chore. Several examples highlight the problem with counsel's entries:

- February 24, 2005, Plaintiff claims 2.20 hours for "Receipt and review of signed Case Management Order and calendaring dates." This is excessive on its face since the Case Management Order is not lengthy, contains few dates to calender, and was a product of the joint effort of counsel. That same date, counsel claims he then spent .40 hours reviewing the Order setting the trial date.

- On July 20, 2005, counsel claims that he spent .50 hours in receiving and reviewing a "Notice of Taking Deposition." This time was logged after counsel claimed five entries over the past week totaling 2 hours on telephone calls and correspondence regarding scheduling the deposition.

- On September 20, 2005, counsel claims he spent .80 hours reviewing Defendant's Motion for Entry of Order on Defendant's Motion to Compel. That motion is barely more than two pages long, including caption.

- On September 22, 2005, counsel billed .50 hours for reviewing the Notice setting the Case Management Conference. This was merely an e-mail correspondence from the Court setting forth the day and time of the Case Management Conference.

- On November 17, 2005, counsel allegedly spent .80 hours on "Preparation of Motion for Extension to Supplement Discovery." That motion, barely more than a page long, basically indicated counsel could not meet the deadline for supplementing his discovery responses because his secretary had food poisoning and was out of the office.

- On January 9, 2006, counsel claims he spent .80 hours reviewing Defendant's one and one-half page Motion to Modify Case Management Order. That Motion merely recited that the parties wanted to pursue mediation of this case and other

9

cases involving the City of Clarksville prior to having to continue with discovery in this case.

- On April 6, 2006, Plaintiff billed 1.10 hours for preparing and filing a Motion to Extend Discovery Deadline. That motion is barely a page long. Counsel then allegedly spent .50 hours on April 24, 2006 reviewing Defendant's two paragraph response.

- On September 21, 2006, counsel claims 1.20 hours for reviewing an Order regarding Plaintiff's request for an extension of time and notifying his client about the same. That order is straightforward and three and one-half pages long.

- On February 21, 2007, counsel claims 1.20 hours for preparing and filing a Motion for Extension of time relating to filing joint jury instructions and verdict forms. That Motion is little more than a page long.

- On February 22, 2007, counsel claim a combined 3.30 hours for reviewing Defendant's exhibit list and witness list. The lists are mere identifications of who Defendant intended to call at trial and what exhibits it would seek to introduce at trial.

This Court's concern with what appears to be inefficiency on the part of Plaintiff's counsel and/or excessive billing is heightened by the fact that this case was hardly new or novel to Plaintiff's counsel. Counsel represents several Clarksville police officers in claims of discrimination against the City of Clarksville, including Tony Blakely, whose case went to trial before a jury in August 2005. There are many common issues of fact in these cases and a core or the same witnesses, yet counsel appears to have billed in this case as if every allegation were new.

While cutting hours may appear "arbitrary," it is an "essentially fair approach" Kentucky Restaurant Concepts Inc. v. City of Louisville, 117 Fed. Appx. 415, 419 (6th Cir. 2004) citing,

10

Northcross v. Bd. of Educ. of Memphis, 611 F.2d 624, 636-37 (6th Cir. 1979), and an across-the-board percentage cut is "'a practical means of trimming the fat from a fee application.'" Schwarz v. Sec. of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995)(citation omitted). In this case, in order to account for excessiveness, the Court will reduce Plaintiff's overall fee request by 25 percent. See, Tinch v. City of Dayton, 199 F.Supp.2d 758, 755-56 (S.D. Ohio 2002)(fees reduced by 30% to account for duplicative hours and vague and inconsistent entries on time sheet); Hispanics United of Dupage County v. Village of Addison, 157 F.Supp.2d 962, 969 (N.D. Ill. 2001)(fees reduced by 25 percent to eliminate excessive and duplicative hours); Oglesby v. Western Stone & Metal Corp., 2001 WL 34035884 at *10 (D. Ore. 2001) (reducing fees by 25 percent for block billing and possible inefficiencies and duplication of effort).

Defendant also requests that 27.3 hours claimed by Martin not be compensated because those hours represent time that Martin spent in representing Hisel during administrative proceedings with the City of Clarksville. In support of this position, Defendant cites Webb v. Dyer County Bd. of Educ., 471 U.S. 234 (1985).

In Webb, the Supreme Court was presented with a district court's refusal to award attorney fees in a section 1983 case for work performed by counsel before a school board related to plaintiff's termination. Plaintiff subsequently filed a section 1983 action and prevailed.

11

In affirming the district court's exercise of discretion, the Supreme Court noted that, unlike Title VII which contains administrative prerequisites to filing suit, Section 1983 allows a litigant to proceed directly to court. While the attorney fee provisions in Title VII are similar to the provisions in Section 1988, Section 706(k) of Title VII authorizes fees for work performed pursuing a state administrative remedy "'to which the complainant was referred pursuant to the provisions of Title VII.'" Id. at 240 quoting, New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 71 (1980). On the other hand, since section 1983 does not mandate the exhaustion of state remedies, it is within the Court's discretion to award or deny attorney fees for the work performed in ancillary administrative proceedings.

In this case, the Court determines that Plaintiff should not be awarded attorney fees for the work performed in pursuing his administrative remedies. It is Plaintiff's burden to show his entitlement to fees and this cannot be discerned from the entries on counsel's time sheets relating to the administrative hearing. The nature and scope of the hearing is not disclosed, nor is the type of preparation undertaken. Counsel does not describe the work performed in his brief filed in opposition to Defendant's response to the Motion for Attorney fees. Preparing for and participating in the administrative hearing may have marginally benefitted counsel to some degree in pursuing this litigation. However, given the extensive amount of billing in this case, whatever was learned

12

in preparation for the administrative hearing was no doubt re-learned during the pendency of this lawsuit.

In exercising its discretion, the Court is aware of Plaintiff's reliance upon the unpublished decision of the Sixth Circuit in <u>Cox v. Shelby State Comm. College</u>, 194 Fed. Appx. 267 (6th Cir. 2006). There, the Sixth Circuit concluded that the district court did not abuse its <u>discretion</u> in awarding fees to counsel for work performed in representing plaintiff during termination proceedings. In doing so, the Sixth Circuit noted that the trial court allowed the fees because the documents used at trial were the same as those used at the administrative hearing and, in fact, only one deposition was taken in order to get the case ready for trial.

Here, to the contrary, it is altogether unclear what was learned during the administrative proceedings which may have been beneficial at trial. Moreover, the parties in this case undertook extensive discovery and there is no suggestion that any discovery was limited by what occurred at the administrative hearing, or that any time was saved because plaintiff went through an administrative process. Simply put, there is nothing before the Court from which it could conclude that Plaintiff's counsel spent less time in developing this case because of what he learned during the administrative proceedings. For those reasons, the Court will reduce Plaintiff's request by 27.3 hours. <u>See</u>, <u>Blakely</u>, 3:01-01186,

13

Docket Entry No. 148 at 14 ($10,595.00 in fees related to administrative hearing were not recoverable).

Finally, Defendant mentions in passing that Plaintiff's fee should be reduced by the "court further on the basis of the Plaintiff's limited success." (Docket Entry No. 167 at 10). What that further reduction should be is not specified by Defendant.

Insofar as Defendant is suggesting some sort of proportional reduction, such an argument must be rejected. "[A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised." Deja Vu of Nashville, Inc. v. Metropolitan Gov't. of Nashville & Davidson County, 421 F.3d 417, 420 (6th Cir. 2005). Instead, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." Id. This is because "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee" because "result is what matters." Id. Therefore, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," Hensley, 461 U.S. at 435, keeping in mind "that a reduction in attorney fees is to be applied only in rare and exceptional cases

14

where specific evidence in the record requires it." Isabel, 404 F.3d at 413.

This is not the "rare and exceptional case" where specific evidence suggests that there should be an overall reduction in attorney fees for the results obtained. Plaintiff's claims were derived from his belief that he was being retaliated against because he supported African American police officers in their claims of discrimination against the Clarksville Police Department. While he ultimately prevailed on only one of his claims, he received a jury award of $50,000.00, which substantiates, at least to some degree, Plaintiff's contention that he was retaliated against for supporting the African American officers.

### 3. Summary of attorney fee award

Plaintiff seeks attorney fees based upon 770.9 hours at $350.00 per hour. The hourly rate will be reduced to $225.00 per hour. The number of hours will be reduced by 10.5 hours to 760.4 hours to account for counsel's apparent inability to conduct discovery in a timely fashion and his efforts in seeking continuances during discovery. The number of hours will be reduced further by 27.3 hours to 733.20 hours in order to account for the time counsel spent on administrative proceedings. The subtotal of 733.20 hours will be further reduced by 25% or 183.3 hours in order to account for excessiveness and/or unnecessary work. Therefore, Plaintiff will receive $123,727.50 (549.9 hours X $225.00 per

15

hour = $123,727.50) in attorney fees for work performed by his counsel in this case.

Additionally, Plaintiff will be awarded $7,095.00 for the work performed by the paralegal in this case. This represents 94.6 hours at $75.00 per hour. Combined, Plaintiff will be awarded attorney fees in the amount of $130,822.50.

**B. Motion for Costs**

In addition to attorney fees, Plaintiff has moved for costs and expenses of $5,501.05. Defendant has not objected to Plaintiff's request for costs and expenses.

Plaintiff seeks reimbursement for (1) filing fees, (2) deposition transcripts, (3) photocopies, (4) subpoena fees, (5) parking, and (6) mileage. The Court finds the request reasonable and properly compensable as costs and litigation expenses under 28 U.S.C. § 1821 and § 1920. Accordingly, Plaintiff will be awarded costs and expenses in the amount of $5,501.05.

### III. CONCLUSION

The Court finds that Plaintiff is entitled to a fully compensatory fee in the amount of $130,822.50, plus $5,501.05 in costs and litigation expenses.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE